IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs at Knoxville October 30, 2018

**STATE OF TENNESSEE v. KELVIN ANTHONY LEE**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6089      Joe H. Walker, III, Judge**

_____

**No. W2018-00827-CCA-R3-CD**

_____

The Appellant, Kelvin Anthony Lee, filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, and the Lauderdale County Circuit Court summarily denied the motion.  On appeal, the Appellant contends that his sentence of life without parole violates Montgomery v. Louisiana, 136 S. Ct. 718 (2016); Moten v. State, 935 S.W.2d 416 (Tenn. Crim. App. 1996); and Tennessee Code Annotated section 39-13-204(j).  Upon review of the record and the parties' briefs, we affirm the trial court's denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and TIMOTHY L. EASTER, JJ., joined.

Kelvin Anthony Lee, Pro Se, Tiptonville, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In 1995, the Appellant pled guilty to first degree felony murder.  This court summarized the proof as follows:

> On the afternoon of September 17, 1994, Ricky Daniels drove to his family's farm in Lauderdale County to check on his aging father, William Daniels, Jr., who had been

working on the farm that day. He drove to a clearing and spotted his father's truck sitting in the midst of a field, near a small pond. As he drove closer, he realized that his father was pinned underneath the truck and seriously injured. He first thought that an accident had occurred and he called his sister. After surveying the situation, however, he concluded that his father's condition was not accidental, and he contacted an investigator with the Lauderdale County Sheriff's Department.

Authorities conducted an extensive examination of the scene, working throughout the night. Their investigation revealed that Daniels had suffered numerous gunshot wounds and that his body had been run over and crushed by the pickup truck. Evidence at the scene indicated that Daniels' body had been dragged approximately 148 feet while underneath the truck. It also appeared that the body had become dislodged at one point and that the truck backed up and ran over the body again before coming to a stop on the victim. Investigators noticed that the victim's pants pockets were turned inside out and his wallet was missing. Authorities also discovered bicycle tracks at the scene which led to a nearby house where the [seventeen-year-old] appellant lived with his family. After questioning several of the appellant's brothers, appellant was brought in for questioning. The appellant made a full confession, admitting that he had robbed and killed Daniels.

State v. Kelvin Anthony Lee, No. 02C01-9603-CC-00085, 1997 WL 686258, at *1 (Tenn. Crim. App. at Jackson, Nov. 5, 1997), perm app. denied, (Tenn. Aug. 3, 1998).

After the Appellant's guilty plea, the trial court impaneled a jury to decide his punishment and held a sentencing hearing. Id. at *2. During the hearing, various witnesses testified for the State, including the medical examiner who performed the victim's autopsy. See id. at *3-4. Several witnesses testified for the defense, including the Appellant, whose testimony at the hearing "varied substantially from his statement to law enforcement." Id. at *5. In sum, the Appellant claimed at the hearing that he and two accomplices went to rob the victim, that his accomplices shot and ran over the victim, and that one of his accomplices threatened to kill him and his family if he did not confess to the police. See id. A clinical psychologist, who had examined the Appellant for the hearing, testified for the defense that the Appellant's IQ was seventy-one, which

indicated borderline intellectual functioning, and that the Appellant functioned intellectually as a twelve-year-old. Id. at *6.

The jury sentenced the Appellant to life without parole by finding that the murder was especially heinous, atrocious, or cruel pursuant to Tennessee Code Annotated section 39-13-204(i)(5). Id. at *7. On appeal of his sentence to this court, the Appellant argued, in pertinent part, that the evidence was insufficient for the jury to apply the aggravating circumstance. Id. at *11. This court disagreed and affirmed the Appellant's sentence of life without parole, concluding that "the jury was fully justified in finding that the murder of Daniels was especially heinous, atrocious, or cruel." Id. at *12.

In 2004, the Appellant filed a petition for a writ of habeas corpus, which the habeas corpus court summarily denied. Kelvin A. Lee v. State, No. M2004-02809-CCA-R3-HC, 2005 WL 1692952, at *1 (Tenn. Crim. App. at Nashville, July 20, 2005). On appeal to this court, the Appellant argued that his guilty plea was void because he was improperly transferred from juvenile court to criminal court, that the trial court and the State failed to abide by the conditions of his guilty plea, and that no underlying felony supported his conviction of felony murder. Id. at *2. This court affirmed the dismissal of the petition. Id. at *3.

On April 2, 2018, the Appellant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. In the motion, he argued that his sentence of life without parole violated Miller v. Alabama, 567 U.S. 460, 132 S. Ct. 2455 (2012), and Montgomery v. Louisiana, 136 S. Ct. 718 (2016), regarding mandatory sentences of life without parole for juvenile offenders; violated Moten v. State, 935 S.W.2d 416 (Tenn. Crim. App. 1996), regarding a trial court's duty to conduct a hearing to determine a defendant's competence to enter a guilty plea; and was imposed in contravention to Tennessee Code Annotated section 39-13-204(j) because the trial court failed to instruct the jury that it must also consider any statutory mitigating circumstances in determining his punishment. The trial court summarily denied the motion.

## II. Analysis

On appeal, the Appellant contends that the trial court erred by denying his Rule 36.1 motion to correct an illegal sentence, maintaining that his sentence of life without parole violates Montgomery, Moten, and Tennessee Code Annotated section 39-13-204(j). The State argues that the trial court's summary denial of the motion was proper because none of the Appellant's claims are cognizant in a Rule 36.1 motion. We agree with the State.

Rule 36.1, Tennessee Rules of Criminal Procedure, permits a defendant to seek correction of an unexpired illegal sentence at any time. See State v. Brown, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). As our supreme court has explained, only "fatal" sentencing errors render sentences illegal. State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). "Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." Id. Conversely, "[c]laims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." Id. Few appealable errors rise to the level of an illegal sentence. Id.

If a Rule 36.1 motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. See Tenn. R. Crim. P. 36.1(b). Our supreme court has recognized that "Rule 36.1 does not define 'colorable claim.'" Wooden, 478 S.W.3d at 592. Nevertheless, the court explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." Id. at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." Id. at 594. In determining whether a motion states a colorable claim, the trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated." Id. Whether a Rule 36.1 motion states a colorable claim is a question of law, which we review de novo. Id. at 588.

As to the Appellant's claim that his sentence of life without parole violates Montgomery v. Louisiana, 136 S. Ct. 718 (2016), the United States Supreme Court held in Miller, 567 U.S. at 470, that a mandatory sentence of life without the possibility of parole for a juvenile offender violates the United States Constitution's Eighth Amendment prohibition against cruel and unusual punishment. The Court did not hold in Miller, though, that a juvenile could never be sentenced to life without the possibility of parole. Charles Everett Lowe-Kelley v. State, No. M2015-00138-CCA-R3-PC, 2016 WL 742180, at *9 (Tenn. Crim. App. at Nashville, Feb. 24, 2016) (citing Miller, 132 S. Ct. at 2469). Instead, the court required "a certain process—considering an offender's youth and attendant characteristics—before imposing a particular penalty." Miller, 567 U.S. at 483; see Cedrick Dickerson v. State, No. W2013-01766-CCA-R3-PC, 2014 WL 3744454, at *5 (Tenn. Crim. App. at Jackson, July 28, 2014) (holding that defendant's sentence of life without parole did not run afoul of Miller when the record demonstrated that the trial court "provided the exact consideration that the Supreme Court called for in

Miller"). In <u>Montgomery</u>, 136 S. Ct. at 729, the court determined that <u>Miller</u> should be applied retroactively.

Turning to the instant case, although the Appellant was seventeen years old when he killed the victim, his sentence of life without parole was authorized by statute at the time of the offense. Therefore, his claim under <u>Montgomery</u> is not a proper basis for relief under Rule 36.1. <u>See</u> <u>State v. Sammie Lee Taylor</u>, No. W2015-01831-CCA-R3-CD, 2016 WL 3883566, at *4 (Tenn. Crim. App. at Jackson, June 6, 2016) (holding that defendant's claim under <u>Miller</u> was not a proper basis for relief under Rule 36.1).

Next, the Appellant claims that the trial court erred by denying his Rule 36.1 motion because he was mentally incompetent to enter his guilty plea and because the trial court had a duty to conduct a hearing to determine his competence to enter his plea. In support of his claims, he relies on the clinical psychologist's testimony that he had an IQ of seventy-one and functioned intellectually as a twelve-year-old and relies on <u>Moten</u>, 935 S.W.2d at 421, in which this court stated that "[f]ailure to order a hearing when the evidence raises a sufficient doubt as to an accused's competence to stand trial or enter a guilty plea deprives the accused of due process of law." However, as noted by the State, "a challenge to the voluntary or knowing entry of a guilty plea is not within the purview of Tennessee Rule of Criminal Procedure 36.1." <u>State v. Robert B. Ledford</u>, No. E2014-01010-CCA-R3-CD, 2015 WL 757807, at *3 (Tenn. Crim. App. at Knoxville, Feb. 23, 2015). Likewise, the Appellant's claim that the trial court should have held a competency hearing prior to accepting his plea also is not cognizable under Rule 36.1 because "the Rule is directed at the sentence finally imposed, not the methodology by which it is imposed." <u>State v. Jonathan T. Deal</u>, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. at Knoxville, June 17, 2014). The Appellant's challenge to his guilty plea would affect his conviction, not his sentence. Accordingly, he is not entitled to relief under Rule 36.1.

Finally, the Appellant contends that the trial court erred by denying his Rule 36.1 motion because the trial court failed to instruct the jury that in determining his sentence, the jury was required to consider any applicable mitigating circumstances pursuant to Tennessee Code Annotated section 39-13-204(j). Again, as noted by the State, defects in the sentencing instructions would render the Appellant's sentence voidable, not void. <u>Milton Lee Cooper v. Howard Carlton, Warden</u>, No. E2011-00783-CCA-R3-HC, 2012 WL 1523960, at *5 (Tenn. Crim. App. at Knoxville, Apr. 30, 2012) (citing <u>Danny Ray Lacy v. Cherry Lindamood</u>, No. M2009-00072-CCA-R3-CO, 2009 WL 3029619, at *2 (Tenn. Crim. App. at Nashville, Sept. 22, 2009)). Accordingly, this claim also is not cognizant in a Rule 36.1 motion. <u>State v. Joseph B. Thompson</u>, No. E2015-01963-CCA-R3-CD, 2016 WL 2770178, at *1 (Tenn. Crim. App. at Knoxville, May 10, 2016).

## III.  Conclusion

Based upon the record and the parties' briefs, we affirm the trial court's denial of the motion.

_____
NORMA MCGEE OGLE, JUDGE